JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Mike DiGiulio
Leah M. Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

September 6, 2022

**VIA ECF**
Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Foley Squire
New York, NY 10007

  Re: *Neha Sheth v. Skanska USA Civil Northeast, Inc.,* **No.: 21-cv-9024 (LGS)**

Dear Judge Schofield:

  We represent Plaintiff Neha Sheth in the above-captioned action. We write in response to Defendants' pre-motion letter dated August 31, 2022. (ECF No. 33).

  Plaintiff was employed at a joint venture between Defendant Skanska USA Civil Northeast, Inc. ("Skanska Civil"), Defendant Skanska USA Building, Inc. ("Skanska Building"), and Walsh Construction Company II, LLC ("Walsh") to perform construction work for the redevelopment of LaGuardia Airport. Plaintiff was hired in May 2016 and was terminated in May 2021. Plaintiff is a citizen of the United Kingdom who was legally employed in the United States pursuant to an L-1B Visa. Plaintiff alleges claims of gender-based pay discrimination under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), the New York Equal Pay Act, N.Y. Lab. Law § 194, and the New York City Human Rights Law ("NYCHRL"). She also alleges claims of failure to promote and wrongful termination based on her immigration/citizenship status in violation of the NYCHRL.

  **I.** **Response to Defendants' Proposed Motion for Summary Judgment**
    **a. Plaintiff's Equal Pay Claims**

  Defendants argue Plaintiff cannot sustain her equal pay claims because her male comparators "did not share the same job duties as her." Defs.' Letter at 2. Defendants' motion for summary judgment on this ground will be unsuccessful – substantial evidence shows Plaintiff and her comparators performed "equal work on jobs requiring equal skill, effort, and responsibility." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254-55 (2d Cir. 2014) (cleaned up).

  To demonstrate she performed "equal work" as her comparators under the EPA, Plaintiff is not required to show that the jobs are "identical," but rather that they are "substantially equal." *EEOC*, 768 F.3d at 255. "Once it is clear that a plaintiff has proven that her job was more than merely comparable, the question of whether her job duties were substantially equal to the men she identifies is a question of fact, not law." *Heinemann v. Howe & Rusling*, 529 F. Supp. 2d 396, 415 (W.D.N.Y. 2008) (quotation marks omitted).

  Plaintiff's title on the LaGuardia project was "Senior Cost Engineer." Plaintiff identifies

four men (Chris Ellis, Matt Malovany, Elbert Rosario, and Brian Sipsey) who were paid substantially more than her. Three (Ellis, Malovany, and Rosario) held Plaintiff's same title of Senior Cost Engineer. The fourth, Brian Sipsey, held the title of Cost Engineer/Strategic Projects.

There is extensive evidence that the jobs performed by Plaintiff and her comparators were substantially equal. Skanska's representative testified that: (1) cost engineers on the project performed "generally similar functions" as one another, Silverman 1.7.2020 Dep. at 96; *see also id.* at 76-77, 78, 82; and (2) "senior" cost engineers have greater breadth of responsibility than cost engineers, *see id.* at 27-28, 100. Kirsten Zinser, Plaintiff's direct supervisor, testified that members of Plaintiff's team "all had the same role" and, although the individual cost engineers were assigned to different "areas" of the project, they were "all expected to present a monthly report of cost updates for [their] assigned area." Zinser Dep. at 15. She also testified that there was an effort to "evenly distribute" the areas for which each member of the team was responsible, and that the Senior Cost Engineers were assigned the "more complex" areas. Zinser Dep. at 40. Ms. Zinser testified there was no reason Plaintiff could not have performed the duties of any of her four comparators. *See id.* at 46-49. Finally, when asked when asked whether she would rate the level of difficulty of the duties performed by Plaintiff and her four comparators as higher or lower than the others, Ms. Zinser responded: "Probably not on the aggregate. Potentially if you were comparing individual assignments, but everyone had multiple assignments." *Id.* at 49-50.

With respect to Mr. Sipsey (the only comparator addressed in Defendants' letter), his "additional and different responsibilities" that Skanska's representative identified were to complete a monthly "Board Book" and "Executive Cost Package" that were provided to the LaGuardia project leadership. Silverman 8.24.2022 Dep. (Transcript Pending). But Plaintiff testified that she also performed these same duties during her employment. Sheth Dep. at 64-65, 129-33. Given this evidence, Defendants will be unable to show that no reasonable juror could find Plaintiff's duties to be substantially equal to her comparators.

### b. Plaintiff's NYCHRL Immigration Status/Citizenship Claims

Defendants will be similarly unsuccessful on Plaintiff's NYCHRL immigration status/citizenship claims. Although she possessed more than seven years of relevant experience at the time of her hiring and was hired as a "Senior Cost Engineer," Plaintiff's position within Skanska's Human Resources system was always "project controls coordinator." *See* Sheth Salary History; Sheth Performance Reviews. As Skanska's representative testified, this was an "entry-level position." Silverman 12.10.2020 Dep. at 131-32. He further testified that if Plaintiff was listed as a "project controls coordinator" in the HR system, that would be an erroneous designation given Plaintiff's level of experience. *See* Silverman 8.24.2022 Dep. (Transcript Pending). All other Senior Cost Engineers on the LaGuardia Project were listed as either "Senior Cost Engineers" or "Cost Managers" in Skanska's HR system and all received substantially more compensation than Plaintiff. Despite these disparities and despite conducting annual salary reviews, Defendants never promoted Plaintiff so that her HR designation matched her level of experience and the duties she was performing.

### II.     Issues as to Which Plaintiff Requests to Cross-Move for Summary Judgment

In addition to opposing Defendants' proposed motion for summary judgment, Plaintiff seeks leave to cross-move for summary judgment on the following issues.

### a. Defendants Skanska Building & Skanska Civil are a Single, Integrated Enterprise and/or Jointly Employed Plaintiff

Plaintiff proposes to cross move for summary judgment on the issue of whether Defendants are a single integrated employer/jointly employed Plaintiff and her comparators. The "single integrated employer theory provides that two nominally separate entities can constitute a single integrated enterprise for the purposes of employment law liability." *Goldman v. Sol Goldman Invs., LLC*, 559 F. Supp. 3d 238, 242 (S.D.N.Y. 2021). Four factors are considered in this analysis: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial support." *Id.*

While Plaintiff was formally employed by Skanska Civil, Defendants acted as a single integrated enterprise on the LaGuardia project. Defendants are essentially "sister corporation" that each contributed employees to the LaGuardia project. There is substantial evidence that each company's head representative on the project approved both the hiring and salaries paid to employees of the other members on the joint venture. Moreover, Plaintiff was directly supervised by employees of Skanska Building who participated in her performance evaluations. Finally, as Skanska's representative testified, both Skanska Building and Skanska Civil utilize common Human Resources systems and personnel administered by another Skanska entity.

### b. Defendants' Conduct was Willful/Defendants Cannot Show they Acted in "Good Faith" to Avoid Liquidated Damages Under the EPA/NYEPA

The evidence demonstrates that at least after November 2018, Defendants willfully failed to remedy Plaintiff's pay differential and will be unable to show they acted in good faith in paying Plaintiff less than her male comparators. A finding of willfulness lengthens the EPA's limitations period from two to three years. *See* 29 U.S.C. § 255. It also authorizes the recovery of up to 300% liquidated damages under the NYEPA. N.Y. Lab. Law § 198(1-a). Finally, willfulness precludes Defendants from demonstrating they acted in "good faith" – a prerequisite to avoiding the recovery of 100% liquidated damages under both the EPA and the NYEPA. *See* 29 U.S.C. § 260; N.Y. Lab. Law § 198(1-a); *Perry v. City of New York*, 2019 U.S. Dist. LEXIS 220519, at *6-10 (S.D.N.Y. Dec. 23, 2019) (citing cases concluding that a finding of willfulness precludes a finding of "good faith" so as to avoid liquidated damages).

An EPA/NYEPA violation is willful if an employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Ebbert*, 2009 U.S. Dist. LEXIS 28032, at *16 (quotation marks omitted). Evidence that an employer failed to remedy a wage differential after an employee complaint is proof of willfulness. *See Sandor v. Safe Horizon, Inc.*, 2011 U.S. Dist. LEXIS 3346, at *51–53 (E.D.N.Y. Jan. 12, 2022) (summary judgment on willfulness granted when, *inter alia*, complaint of pay differential was ignored).

In 2018, other women at the LaGuardia project sued Defendants, complaining of similar equal pay violations. *See Navar v. Walsh Construction Co. II,* LLC, S.D.N.Y. Dkt No. 18-cv-10476 (LGS). Skanska's representative testified that following the *Navar* action, Skanska never undertook a comparison of salaries at the LaGuardia project to ascertain whether men and women were paid equally. Silverman 8.24.2022 Dep. (Transcript Pending). Defendants' failure to remedy wage differentials at LaGuardia despite being on notice of their existence is proof of willfulness.

We thank you for your consideration of this matter.

                                                                Respectfully submitted,

                                                                _/s/Lucas C. Buzzard_
                                                                Lucas C. Buzzard